In re Leo Anthony **GOSELAND**, Debtor.

James A. **HARDESTY**,
Plaintiff/Appellee,

v.

Leo Anthony **GOSELAND**,
Defendant/Appellant.

**Civ. No. 91–1475–K.**

United States District Court,
D. Kansas.

June 1, 1992.

Keith D. Richey, Wichita, Kan., for plaintiff/appellee.

James R. Gilhousen, Wichita, Kan., for defendant/appellant.

### MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

The pertinent facts giving rise to the pending appeal are set forth in the bankruptcy court's memorandum of decision sustaining plaintiff's complaint (Bankr.Dkt. No. 38) and in this court's opinion of April 11, 1990 (Dkt. No. 28), and need not be repeated here.

On April 11, 1990, this court remanded the referred matter to the bankruptcy court with instructions that the court address the issues under 11 U.S.C. § 523(a)(6), i.e., was the debtor's conduct willful and malicious? 114 B.R. 263.

In due course, the matter came before the bankruptcy court for rehearing; however, the litigants, at the time of the pretrial conference agreed to present no further evidence.

Thereupon, the bankruptcy court drew from the record, and on June 11, 1991 entered its memorandum of decision.

The bankruptcy court held in part as follows at page 11 of its decision:

Based upon the facts before it, the Court is compelled to conclude that the plaintiff showed by a preponderance of the evidence that the debtor acted both willfully and maliciously in not only failing to record the affidavit of equitable interest, but further in hypothecating the

512

St. James Street property to the Boulevard Bank when he knew that in so doing he was depriving plaintiff of his unrecorded interest in that property. Accordingly, the plaintiff's complaint to determine discharge is sustained. The debt owed to the plaintiff is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

The debtor, Goseland, has appealed the bankruptcy court and this court now has at hand the litigants' respective briefs. No hearing is deemed necessary.

This court wholly concurs with the findings of the bankruptcy court. The events which gave rise to the dispute suggest willful and malicious conduct at the hands of defendant Goseland, and his debt owing to the plaintiff should be and is hereby found to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

IT IS SO ORDERED.